UNITED STATES DISTRICT COURT OF THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SHOPMEN PENSION FUND and BOARD OF TRUSTEES OF THE NATIONAL SHOPMEN PENSION FUND, 1750 New York Avenue, N.W. Washington, D.C. 20006<br><br>Plaintiffs,<br><br>v.<br><br>PHILLIP E. PRINCE, JR.<br><br>Defendant. | Civ. No. _____ |

## COMPLAINT

Plaintiffs, the National Shopmen Pension Fund (the "Fund"), and the Board of Trustees of the National Shopmen Pension Fund ("Trustees") (collectively, "Plaintiffs") by and through their attorneys, allege as follows:

### INTRODUCTION AND PARTIES

1. The Fund is an employee pension benefit plan within the meaning of Sections 3(2) and 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(2) and (3) and a multiemployer pension plan within the meaning of ERISA § 3(37), 29 U.S.C. § 1002 (37). The Fund is maintained for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries.

2. Plaintiff members of the Board of Trustees of the Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

3. The Fund is administered from offices located at 1750 New York Avenue, N.W. Washington, D.C. 20006.

4. Plaintiffs bring this action on behalf of themselves and on behalf of the Fund's participants and beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a) and pursuant to the theory of unjust enrichment and restitution under District of Columbia law.

5. At all times relevant to this action, defendant Phillip E. Prince Jr. ("Prince") was the son of a participant in the Plan, Phillip E. Prince Sr. ("Prince Sr.")  Upon information and belief, Prince had a power of attorney for his father, which allowed him to access funds deposited by the Fund on Prince Sr.'s behalf in an account at the National City Bank. Upon information and belief, Prince is a resident of Ohio.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 because this action arises under ERISA. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over any state claims that arise hereunder if such claims form part of the same case or controversy.

7. Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court because the Fund is administered in this District.

8. Pursuant to 29 U.S.C. § 1132(e)(2), personal jurisdiction over Prince is proper because under this federal action, process can be served in any district in which the defendant resides as long as venue is proper.

**STATEMENT OF CLAIM**

9. Prince Sr. was a participant in the Fund, who retired with a monthly pension benefit from the Fund effective April 1, 1982. At the time of his retirement he elected a single life annuity pension benefit, to be paid until his death.

10. At all relevant times, the Fund's governing Plan document (the "Plan") has provided that a single life annuity is paid for the life of the participant, and that payments cease upon the death of the participant.

11. At the request of Prince Sr., the Fund directly deposited his monthly pension checks into an account at the National City Bank in Cleveland, OH.

12. Prince, Sr. died on August 22, 2000. Defendant failed to notify the Fund of Prince Sr.'s death and the Fund continued to make monthly deposits into the account at the National City Bank.

13. On or about September 2006, the Fund conducted a routine search of Social Security Death Index records, which indicated that Phillip E. Prince Sr. had died on August 22, 2000.

14. On or about September, 2006, the Fund discontinued pension payments to the account of Prince Sr.

15. The Fund made payments in error from August 2000 through September 2006 into Prince Sr.'s account at the National City Bank in the amount of $16,133.00

16. Using his power of attorney, Prince fraudulently withdrew the $16,133.00 in erroneous payments made by the Fund to Prince Sr.'s account.

17. On September 26, 2006 and October 13, 2006, the Fund sent letters, directly and through its attorney, to Prince at his last known address, demanding repayment of pension benefits from August 2000 through September 2006 in the amount of $16,133.00.

18. Despite the Fund's demands on Defendant for repayment of the pension benefits paid by the Fund after the death of Prince Sr., Defendant has refused, and continue to refuse, to repay the Fund.

## COUNT I

### (Unjust Enrichment)

19. The Fund repeats and realleges the allegations contained in paragraphs 1 through 18 as if stated herein.

20. Pursuant to the Plan's provisions as set forth in paragraph 12, no benefits were payable from the Fund after the death of Prince Sr. and the Defendant should have reasonably expected to repay the Fund the benefits received after the death of Prince Sr..

21. Plaintiff's expectations of person and property would be defeated if the Defendant was not compelled to return the benefits to the Fund.

22. By failing and refusing to repay the Fund, Defendant has been unjustly enriched at the expense of the participants in the Fund in the amount of $16,133.00.

## COUNT II

### (Restitution)

23. The Fund repeats and realleges the allegations contained in paragraphs 1 through 22 as if stated herein.

24. Defendant has benefitted from and has been unjustly enriched by the Fund's payment benefits in error after the death of Prince Sr.

25. The Fund is therefore entitled to the return and restitution of said benefits.

## COUNT III

### (Constructive Trust)

26. The Fund repeats and realleges the allegations contained in paragraphs 1 through 25 as if stated herein.

27. The Fund is entitled to repayment of benefits in the amount of $16,133.00.

28. Defendant has wrongfully failed and refused to reimburse the Fund the benefits the Fund paid after the death of Prince Sr.

29. Defendant has no equitable claim to $16,133.00 of the benefits received and the Fund is entitled to a constructive trust on those benefits received by the Defendant. Defendant shall hold said funds, and any profits thereon, in constructive trust for the benefit of the Fund and shall convey said funds forthwith to the Fund.

### Count IV

### (Unjust Enrichment and Restitution Under District of Columbia Law)

30. Plaintiffs repeat and reallege the allegations contained in paragraph 1 through 29 as if stated herein

31. Defendant received benefits totaling $ 16,133.00 at the expense of the Fund.

32. Defendant received those benefits under circumstances that would make it unjust for the Defendants to retain the benefit without repaying the full amount to the Fund.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Fund prays that the Court enter an order:

1.  On Counts I and II, requiring the Defendant to restore to the Fund the sum of $16,133.00;

2.  On Count III, for a constructive trust against defendants in the amount of $16,133.00 to assure that the Fund is reimbursed for the pension benefits it has paid;

3.  On Count IV, requiring the Defendants to repay the Fund the sum of $16,133.00 in restitution for unjust enrichment.

4.  Awarding the Fund its reasonable attorneys' fees and costs pursuant to Section 502(g) of ERISA; and

5.  Granting such other and further relief as the Court may deem just and proper under the circumstances.


Date: December  1 , 2006                       Respectfully submitted,


                                                /s/ Marc H. Rifkind
                                                Marc H. Rifkind, Esq.
                                                SLEVIN & HART, P.C.
                                                1625 Massachusetts Ave., N.W.
                                                Suite 450
                                                Washington, D.C.  20036
                                                Tel:  (202) 797-8700
                                                Fax: (202) 234-8231

                                                Attorney for Plaintiffs, National Shopmen
                                                Pension Fund and the Board of Trustees of
                                                the National Shopmen Pension Fund

H:\Clients\0150\2\Prince complaint.wpd

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

National Shopmen Pension Fund and Board of Trustees of the National Shopmen Pension Fund

### DEFENDANTS

Phillip E. Prince, Jr.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Marc H. Rifkind, Esq. Slevin & Hart, P.C. 1625 Massachusetts, Ave., NW Ste. 450, Washington, DC 20036
(202) 797-8700

CASE NUMBER  1:06CV02078
JUDGE: John D. Bates
DECK TYPE: Labor/ERISA (non-employme
DATE STAMP: 12/5/2006

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* 2255 | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (If Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. Section 1132 (a); Recovery of overpayment

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 16,133.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE December 4, 2006   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.